IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TENTH STREET BUILDING CORPORATION,<br><br> Plaintiff,<br><br> v.<br><br>BP PRODUCTS NORTH AMERICA INC., f/k/a and successor to BP OIL COMPANY, f/k/a and successor to BORON OIL COMPANY, and DONALD TRAPP,<br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civ. No. 03-359 Erie<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## Order

This action was removed from the Court of Common Pleas of Erie County, Pennsylvania and filed in this Court on November 4, 2003. On November 5, 2003, the parties sought a stay of the proceedings while they continued with ongoing settlement negotiations. The Court granted the stay, which expired on January 23, 2004, after which Defendants were to file an answer or other response to the Complaint. (Order w/ doc. 3.) On February 11, 2004, the parties again moved the Court for a stay of proceedings while they continued settlement discussions. In addition, the parties referred to a pending claim for reimbursement of environmental corrective action costs, the result of which could affect the final settlement. The Court again granted the stay, which expired on September 30, 2004. (Order w/ doc. 5.)

On February 28, 2005, the Court entered an Order stating in part as follows:

> . . . it appearing that no further action by the Court is required at this time because of the parties' agreement to stay the action pending a final resolution by settlement or continuing with the litigation, but the Court wishing to place a reasonable time limit on the negotiations of the parties,

IT IS HEREBY ORDERED that the Clerk of Court mark the above captioned case closed for a period of six months from the date of this Order, to wit, August 1, 2005.

Nothing contained in this Order shall be considered a dismissal or disposition of this matter and, should further proceedings in it become necessary or desirable, either party may initiate it prior to August 1, 2005 in the same manner as if this order has not been entered. In particular, a party wishing to lift the stay may do so by setting forth their reasons in a motion to lift the stay filed with the Court. In the alternative, the parties shall, prior to August 1, 2005 file a stipulation for dismissal of this action when the settlement has been finalized.

If the parties do not move to lift the stay or file a stipulation for dismissal by August 1, 2005, this action will be dismissed

(Doc. 6.) On August 25, 2005, the parties filed a Stipulation for Extension of Time to Answer (Doc. 7). This is the parties' first filing since entry of our February 28, 2005 Order. The parties do not acknowledge the February 28, 2005 Order and have also failed to comply with the Order in that no party has filed a motion to lift the stay or a stipulation for dismissal. Pursuant to our Order this case should be dismissed. However, we will give the parties until September 9, 2005 to comply with our February 28, 2005 Order before dismissing this action.

The following Order is therefore entered.

AND NOW, this ___1st___ day of September, 2005, this case having been stayed and administratively closed on February 28, 2005 and for the reasons stated above it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. Any party wishing to lift the stay may do so by setting forth their reasons in a motion to lift the stay filed with the Court no later than September 9, 2005.
2. In the alternative, the parties shall, prior to September 9, 2005, file a stipulation for dismissal of this action.
3. If the parties do not move to lift the stay or file a stipulation for dismissal by September 9, 2005, this action will be dismissed

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:    counsel of record