IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TENTH STREET BUILDING CORPORATION,<br>    Plaintiff<br><br>        v.<br><br>BP PRODUCTS NORTH AMERICA INC., f/k/a and successor to BP OIL COMPANY, f/k/a and successor to BORON OIL COMPANY, and DONALD TRAPP,<br>    Defendants | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 03-359E<br>)<br>)<br>)<br>)<br>)<br>)<br>)   ELECTRONICALLY FILED |

## ANSWER, AFFIRMATIVE DEFENSES AND RESERVATION OF CROSS-CLAIM

Defendant BP Products North America Inc., successor by merger to BP Oil Company a/k/a Boron Oil Company (hereinafter "BP"), by its attorneys, MacDonald, Illig, Jones & Britton LLP, files this Answer, Affirmative Defenses and Reservation of Cross-Claim:

## ANSWER

1.      After reasonable investigation, defendant BP is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 1 of the Complaint and, therefore, denies the same and demands strict proof thereof.

2. After reasonable investigation, defendant BP is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 2 of the Complaint and, therefore, denies the same and demands strict proof thereof.

3. Admitted. In further answer hereto, BP's principal place of business is 4101 Winfield Road, Warrenville, Illinois 60555.

4. Denied as stated. Defendant BP is the successor, by merger, to BP Oil Company, which was also known as Boron Oil Company.

5. Upon information and belief, admitted.

6. Admitted.

7. Paragraph 7 of the Complaint states conclusions of law to which no answer is required. Furthermore, after reasonable investigation, defendant BP is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 7 of the Complaint and, therefore, denies the same and demands strict proof thereof.

8. It is admitted that BP's predecessor, Boron Oil Company, leased the Property for the purpose of operating a gasoline service station. It is denied that Boron Oil Company leased the Property for the purpose of constructing a gasoline service station. Upon information and belief, at the time of the Lease, a gasoline service station already had been constructed on the Property and was subject to a lease between plaintiff's predecessor and Emblem Oil Company (subsequently merged with United Refining Company), and assigned by United Refining Company to Sinclair Refining Company, effective August 31, 1961.

9. Admitted that plaintiff has accurately quoted the referenced language of the Lease, which constitutes a portion of Article 7 of the Lease.

10. Admitted that plaintiff has accurately quoted the referenced language of the Lease, which constitutes a portion of Article 7 of the Lease.

11. Admitted, except that it is unknown whether Boron or its successor constructed a service station building.

12. Admitted

13. Upon information and belief, admitted.

14. Admitted.

15. Admitted.

16. Admitted. In further answer hereto, BP Oil Company and defendant Trapp also had entered into a Dealer Lease and Supply Agreement, effective December 28, 1993.

17. Denied. To the contrary, upon information and belief, plaintiff or its predecessors, officers and/or agents were or became aware of the "Sub-Lease" with defendant Trapp. In further answer hereto, Article 16 of the Lease permitted the assignment or subleasing of all or part of the premises without a requirement of notice to the Lessor.

18. Admitted. In further answer hereto, on or about November 30, 1999, BP did assign all interest in the Lease to RAN Oil Company, LLC, and BP sold to RAN Oil Company LLC certain equipment and buildings located at the Property, including underground storage tanks, waste oil tanks, gasoline lines and dispensers. In further answer hereto, plaintiff or its predecessor were notified of this transaction prior to November 30, 1999.

19. Admitted.

20. It is admitted that pursuant to the Lease Extension Agreement the Lease expired on January 31, 2003. The remaining averments of Paragraph 20 of the Complaint are denied. To the contrary, Article 14 of the Lease contains provisions for a first refusal option on sale or lease

in the event Lessor receives a bona fide offer from a third party to buy or lease the subject property during the term of the Lease or any extension thereof, which provision, depending upon facts not known to BP at this time, may have limited plaintiff's right to possession of the subject property. Furthermore, the terms of the Lease gave the right, but imposed no obligation, to BP to remove any property or improvements from the Property.

21.     After reasonable investigation, defendant BP is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 21 of the Complaint and, therefore, denies the same and demands strict proof thereof.

22.     BP incorporates by reference that portion of Paragraph 20 above regarding the averment that plaintiff had an unconditional right to exclusive possession of the Property as of February 1, 2003. After reasonable investigation, defendant BP is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 22 of the Complaint and, therefore, denies the same and demands strict proof thereof.

23.     BP incorporates by reference that portion of Paragraph 20 above regarding the averment that plaintiff had an unconditional right to exclusive possession of the Property as of February 1, 2003. After reasonable investigation, defendant BP is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 23 of the Complaint and, therefore, denies the same and demands strict proof thereof.

24.     After reasonable investigation, defendant BP is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 24 of the Complaint and, therefore, denies the same and demands strict proof thereof.

25.     Paragraph 25 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, Article 7 of the Lease provides that, as between

Lessor and Lessee, improvements such as underground storage tanks and service station buildings shall remain the property of Lessee. However, the ground lease was assigned and equipment and buildings, including underground storage tanks, waste oil tanks, gasoline lines and dispensers, were sold by BP to RAN Oil Company, LLC on or about November 30, 1999.

26. It is admitted only that plaintiff notified defendant BP that BP should remove its property from the subject premises, including underground storage tanks and buildings. The remaining averments of Paragraph 26 of the Complaint are denied. In further answer hereto, BP did not own the underground storage tanks and buildings on the subject Property, and did not have an obligation under the Lease to remove any property or improvements from the Property.

27. It is admitted that defendant BP received notification as set forth in Paragraph 26 above. The remaining averments of Paragraph 27 of the Complaint are denied. In further answer hereto, BP did not own the underground storage tanks and buildings on the subject Property, and did not have an obligation under the Lease to remove any property or improvements from the Property.

28. After reasonable investigation, defendant BP is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 28 of the Complaint and, therefore, denies the same and demands strict proof thereof.

29. After reasonable investigation, defendant BP is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 29 of the Complaint and, therefore, denies the same and demands strict proof thereof. In further answer hereto, upon information and belief the underground storage tanks were not deteriorated and were in good condition when removed in April 2003.

30. Paragraph 30 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, the averments of Paragraph 30 are denied. In further answer hereto, BP sold certain items including the underground storage tanks, waste oil tanks, gasoline lines and dispensers to RAN Oil Company, LLC on or about November 30, 1999.

31. Paragraph 31 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, the averments of Paragraph 31 are denied. In further answer hereto, BP sold certain items including the underground storage tanks, waste oil tanks, gasoline lines and dispensers to RAN Oil Company, LLC on or about November 30, 1999.

32. After reasonable investigation, defendant BP is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 32 of the Complaint and, therefore, denies the same and demands strict proof thereof.

## COUNT I

Tenth Street Building Corp. v. BP and Trapp
Resource Conservation and Recovery Act
42 U.S.C. §§ 6901 et seq.

33. Paragraphs 1 through 32 above are incorporated herein by reference as if fully set forth.

34. Paragraph 34 of the Complaint states conclusions of law to which no answer is required.

35. Paragraph 35 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, the averments of Paragraph 35 pertaining to defendant BP are denied.

36. Paragraph 36 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, the averments of Paragraph 36 pertaining to defendant BP are denied.

37. Paragraph 37 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, the averments of Paragraph 37 are denied.

38. This averment is directed to a party other than defendant BP and therefore no response from BP is required.

39. After reasonable investigation, defendant BP is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 39 of the Complaint and, therefore, denies the same and demands strict proof thereof.

40. Paragraph 40 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, the averments of Paragraph 40 are denied.

WHEREFORE, defendant BP Products North America Inc., successor by merger to BP Oil Company a/k/a Boron Oil Company demands that judgment be entered in its favor and against plaintiff Tenth Street Building Corporation, a Pennsylvania corporation with respect to Count I of the Complaint, together with costs of suit, attorneys fees as permitted by law, and such other relief as the Court deems appropriate.

COUNT II

Tenth Street Building Corp. v. BP and Trapp
Storage Tank and Spill Prevention Act
35 P.S. §§ 6021.101 et seq.

41. Paragraphs 1 through 40 above are incorporated herein by reference as if fully set forth.

42. Paragraph 42 of the Complaint states conclusions of law to which no answer is required.

43. Paragraph 43 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, the averments of Paragraph 43 pertaining to defendant BP are denied.

44. Paragraph 44 of the Complaint states conclusions of law to which no answer is required.

45. Paragraph 45 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, the averments of Paragraph 45 pertaining to defendant BP are denied.

46. After reasonable investigation, defendant BP is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 46 of the Complaint relating to alleged release or releases of petroleum products and therefore denies the same and demands strict proof thereof. Paragraph 46 of the Complaint also states conclusions of law to which no answer is required. To the extent an answer is required, the averments of Paragraph 46 pertaining to BP are denied.

47. Paragraph 47 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, the averments of Paragraph 47 pertaining to BP are denied.

48. This averment is directed to a party other than defendant BP and therefore no response from BP is required.

49. After reasonable investigation, defendant BP is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 49 of the Complaint and, therefore, denies the same and demands strict proof thereof.

50. Paragraph 50 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, the averments of Paragraph 50 are denied.

WHEREFORE, defendant BP Products North America Inc., successor by merger to BP Oil Company a/k/a Boron Oil Company demands that judgment be entered in its favor and against plaintiff Tenth Street Building Corporation, a Pennsylvania corporation with respect to Count II of the Complaint, together with costs of suit, attorneys fees as permitted by law, and such other relief as the Court deems appropriate.

## COUNT III

Tenth Street Building Corp. v. BP
Breach of Lease

51. Paragraphs 1 through 50 above are incorporated herein by reference as if fully set forth.

52. The averments of Paragraph 52 of the Complaint are denied as stated. To the contrary, Article 9 of the Lease states that, "Lessee agrees, during the term of this Lease and any extension thereof, to maintain and keep the said <u>building, improvements and equipment herein leased</u> in constant good condition and repair, and to perform any necessary work of maintenance and repair at such times and in such manner as not to interfere with Lessee's use of said premises." (Emphasis added).

53. Admitted that plaintiff has accurately quoted the referenced language of the Lease, which constitutes a portion of Article 7 of the Lease.

54. Admitted that plaintiff has accurately quoted the referenced language of the Lease, which constitutes a portion of Article 7 of the Lease.

55. Admitted, except that it is unknown whether Boron or its successor constructed a service station building.

56. Defendant BP admits that it is the successor to Boron under the Lease, and admits that BP succeeded in ownership to Boron with respect to improvements owned by Boron. However, on or about November 30, 1999 BP assigned all interest in the Lease to RAN Oil Company, LLC and sold to RAN Oil Company, LLC certain equipment and buildings located on the Property, including underground storage tanks, waste oil tanks, gasoline lines and dispensers.

57. Denied. Defendant BP did not own any property on the premises at the time of the expiration of the Lease, and did not have an obligation under the Lease to remove any property upon the expiration of the Lease or extensions thereof.

58. Denied. Defendant BP denies that it breached the Lease, and denies that it had any obligation under the Lease to maintain the Property, including the underground storage tanks, in good condition and repair during the term of the Lease and the extensions thereof. BP

further denies that it failed to maintain the Property, including underground storage tanks, in good condition and repair. Furthermore, BP sold the underground storage tanks, waste oil tanks, gasoline lines and dispensers to RAN Oil Company, LLC on or about November 30, 1999.

59. Denied. Defendant BP did not own any property on the premises at the time the Lease expired and did not have an obligation under the Lease to remove any property from the premises upon the expiration of the Lease or extensions thereof.

60. As to the averments of Paragraph 60 of the Complaint regarding defendant BP's alleged breach of the Lease, BP incorporates Paragraph 58 above as if fully set forth. After reasonable investigation, BP is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 60 of the Complaint and, therefore, denies the same and demands strict proof thereof.

61. As to the averments of Paragraph 61 of the Complaint regarding defendant BP's alleged breach of the Lease, BP incorporates Paragraphs 57 and 59 above as if fully set forth. After reasonable investigation, BP is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 61 of the Complaint and, therefore, denies the same and demands strict proof thereof.

62. Defendant BP denies any breaches of the Lease. After reasonable investigation, BP is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 62 of the Complaint and, therefore, denies the same and demands strict proof thereof.

WHEREFORE, defendant BP Products North America Inc., successor by merger to BP Oil Company a/k/a Boron Oil Company demands that judgment be entered in its favor and

against plaintiff Tenth Street Building Corporation, a Pennsylvania corporation with respect to Count III of the Complaint, together with costs of suit, attorneys fees as permitted by law, and such other relief as the Court deems appropriate.

## COUNT IV

Tenth Street Building Corp. v. BP and Trapp
Negligence

63.   Paragraphs 1 through 62 above are incorporated herein by reference as if fully set forth.

64.   Paragraph 64 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, the averments of Paragraph 64 are denied as they pertain to defendant BP, and BP specifically denies that it failed to maintain the Property in good condition and repair, or that it used the property in a manner that created a hazardous or unlawful condition to exist on the Property, or allowed a hazardous or unlawful condition to exist on the Property.

65.   Paragraph 65 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, the averments of Paragraph 65 are denied as they pertain to defendant BP, and BP specifically denies that it failed to maintain the Property in good condition and repair, or used the Property in a manner that created a hazardous or unlawful condition, or allowed a hazardous or unlawful condition to exist on the Property.

66. Paragraph 66 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, the averments of Paragraph 66 are denied as they pertain to defendant BP.

67. Denied as to averments of negligence on the part of defendant BP. After reasonable investigation, BP is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 67 of the Complaint and, therefore, denies the same and demands strict proof thereof.

68. Denied as to averments of negligence on the part of defendant BP. After reasonable investigation, BP is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 68 of the Complaint and, therefore, denies the same and demands strict proof thereof.

WHEREFORE, defendant BP Products North America Inc., successor by merger to BP Oil Company a/k/a Boron Oil Company demands that judgment be entered in its favor and against plaintiff Tenth Street Building Corporation, a Pennsylvania corporation with respect to Count IV of the Complaint, together with costs of suit, attorneys fees as permitted by law, and such other relief as the Court deems appropriate.

COUNT V

Tenth Street Building Corp. v. Trapp
Trespass and Interference with Contractual Relations

69-74.   Paragraphs 69 through 74 are directed to a party other than defendant BP and therefore no response from BP is required.

WHEREFORE, defendant BP Products North America Inc., successor by merger to BP Oil Company a/k/a Boron Oil Company demands that judgment be entered in its favor and against plaintiff Tenth Street Building Corporation, a Pennsylvania corporation with respect to Count V of the Complaint, together with costs of suit, attorneys fees as permitted by law, and such other relief as the Court deems appropriate.

COUNT VI

Tenth Street Building Corp. v. BP
Trespass and Interference with Contractual Relations

75.   Paragraphs 1 through 74 above are incorporated herein by reference as if fully set forth.

76.   Denied.  Defendant BP incorporates Paragraphs 57 and 59 above as if fully set forth.

77.   The averments of Paragraph 77 of the Complaint concerning trespass state conclusions of law to which no answer is necessary.  After reasonable investigation, defendant BP is without knowledge or information sufficient to form a belief as to the truth of the

remaining averments of Paragraph 77 of the Complaint and, therefore, denies the same and demands strict proof thereof.

78.    Denied. Defendant BP incorporates Paragraphs 57 and 59 above as if fully set forth.

WHEREFORE, defendant BP Products North America Inc., successor by merger to BP Oil Company a/k/a Boron Oil Company demands that judgment be entered in its favor and against plaintiff Tenth Street Building Corporation, a Pennsylvania corporation with respect to Count VI of the Complaint, together with costs of suit, attorneys fees as permitted by law, and such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

79.    Counts I, II, III, IV and VI fail to state a claim against defendant BP upon which relief may be granted.

### Second Affirmative Defense

80.    Plaintiff has failed to mitigate its damages.

<u>Third Affirmative Defense</u>

81.     Plaintiff is not entitled to recover any damages for costs or expenses which have been accepted, covered, paid or reimbursed by the Underground Storage Tank Indemnification Fund.

<u>Fourth Affirmative Defense</u>

82.     Defendant BP is not liable to plaintiff for alleged damages incurred by plaintiff to the extent that BP was denied access to the Property and/or improvements thereon by the terms of the Lease or by the Chapter 11 proceedings involving RAN Oil Company, LLC.

**RESERVATION OF CROSS-CLAIMS AGAINST CO-DEFENDANT DONALD TRAPP**

83.     Defendant BP reserves the right to assert cross claims against co-defendant Trapp pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, said cross-claims being in the nature of, without limitation, breach of the Dealer Lease and Supply Agreement dated December 28, 1996, a copy of which is attached to the Complaint as Exhibit B, or any extensions or renewals thereof, and indemnification pursuant to Sections 9(g) and 18 of the Dealer Lease and Supply Agreement or as otherwise provided by statute or regulation.

Respectfully submitted,


s/Matthew W. McCullough
Matthew W. McCullough, Esquire
PA46950
Steven C. Beckman, Esquire
PA68972
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, PA 16507-1459
Phone:  (814) 870-7600
Fax:  (814) 454-4647
E-mail:  mmccullough@mijb.com

Attorneys for Defendant
   BP Products North America Inc., successor by merger to BP Oil Company a/k/a Boron Oil Company

906783