UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TENTH STREET BUILDING CORPORATION, | : |
|     Plaintiff | :   Civ. No. 03-359 Erie |
|     v. | : |
| | : |
| BP PRODUCTS NORTH AMERICA, INC., f/k/a and successor to BP OIL COMPANY, f/k/a and successor to BORON OIL COMPANY, and DONALD TRAPP, | : |
|     Defendants | : |

### ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSSCLAIM

AND NOW, comes the Defendant, Donald Trapp, by and through his attorneys, Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc., and files the following Answer to the Plaintiff's Complaint:

1. Admitted.

2. Denied that Donald Trapp resides at 10080 Wattsburg Road, but rather resides at 9161 Kuhl Road, Erie, Pennsylvania 16510.

3-12. Admitted.

13. Admitted except that the operation of the gasoline service station continued until March 2003.

14-16. Admitted.

17. The averments of paragraph 17 are denied. At the time that the referenced sublease was negotiated, BP represented that it was providing a copy to the Plaintiff.

18. This Defendant is without information sufficient to form a belief as to the truth of the averment and same is therefore denied.

19. Denied in that the document speaks for itself. Further, at all relevant times until he vacated the premises, the Defendant believed that the lease extended into 2007 based upon statements made to him by a Ran Oil representative.

20. Admitted except to the extent that the Defendant believed that the lease extended into 2007 as referenced in answer to paragraph 19.

21. Denied in that Trapp believed that the lease extended into 2007. Admitted that he did not vacate the premises until March 2003.

22. Denied for the reasons set forth in response to paragraph 19. Admitted that Plaintiff Trapp continued to operate the station until March 2003.

23. This Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 23. The same are therefore denied. Further, no lease as averred has been attached as an exhibit.

24. Denied in that upon Trapp's vacating the premises, the Plaintiff or Plaintiff's representatives immediately demolished the improvements and constructed a new facility for a different use and may have done so prior to proper closure of the

underground storage tanks and piping and without the benefit of all available coverage for any necessary remediation as has been alleged in the Plaintiff's Complaint by the Pennsylvania Underground Storage Tank Indemnity Fund or other sources.

25. Admitted.

26. Trapp is without sufficient knowledge or information to form a belief as to the truth of this averment. The same is therefore denied.

27. Trapp is without sufficient knowledge or information to form a belief as to the truth of this averment. The same is therefore denied.

28. Denied. A sophisticated monitoring system was installed to detect any leak or leaks from the underground storage tanks or piping. As such, it is believed that any contamination alleged to have been on the property was caused by the Plaintiff or Plaintiff's contractor upon the removal of the tanks and piping or pre-existed any time when this Defendant occupied the premises as employee or acted as a dealer pursuant to his dealer agreement with BP.

29. Denied that the underground storage tanks removed in 2003 were deteriorated to any extent and this Defendant incorporates his answer to paragraph 28 as his further answer to this paragraph.

30. Admitted that BP was an owner of the underground storage tanks as a successor to Boron. Denied that the tanks that were removed in 2003 released petroleum products during this Defendant's occupancy of the property.

31. Denied in that the averments set forth a conclusion of law as to the averment that this Defendant was an operator of the tanks. The same is therefore denied. Further, the averment is denied for the reason that the tanks removed in 2003 did not release petroleum products during the occupancy of the property by this Defendant.

32. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 33. The same are therefore denied.

## COUNT I – TENTH STREET BUILDING CORP. v. BP & TRAPP

33. Defendant incorporates its responses to paragraphs 1 through 32 inclusive.

34. Denied in that the averment sets forth a conclusion of law for which no response is required.

35. Denied in that the averment sets forth a conclusion of law for which no response is required. To the extent a response is required, it is averred that BP had installed and Trapp received reports regarding the monitoring of the tanks through tank tightness testing, audits, tank reconciliation and the monitoring system installed for BP by Veeder-Root.

36. Denied in that Trapp did not cause a release or releases of petroleum products as averred in the Plaintiff's Complaint. Further, this Defendant believes that

any level of contamination, if any, has been removed from the property that would present a hazard as averred since the Plaintiff, shortly after regaining possession, demolished the building and constructed another facility for Plaintiff's tenant.

37. This averment is directed to the other Defendant.

38. The averments of paragraph 38 set forth conclusions of law for which no response is required. To the extent a response is required, it is denied that Trapp was an operator and denied further that any release or releases of petroleum products took place during the time that Trapp occupied the property.

39. Denied in that for the reasons set forth in this Answer, it is denied that there has been any release or releases of petroleum products during this Defendant's occupancy. It is believed and, therefore, averred that the Plaintiff obtained possession of the property within two months of the alleged termination of the lease. The balance of the averments are denied since this Defendant is without sufficient information to form a belief as to the truth or veracity of said averments.

40. The averments of paragraph 40 are denied as no proof is attached of any notice given to any government agency.

WHEREFORE, Defendant, Donald Trapp, requests that the relief be denied to the Plaintiff and judgment be entered for him including costs of the defense.

## COUNT II – TENTH STREET BUILDING CORP v. BP & TRAPP

41. The Defendant incorporates his responses to paragraphs 1 through 40 inclusive.

42. Denied in that the averments of paragraph 42 set forth conclusions of law for which no response is required.

43. Denied in that the averments of paragraph 43 set forth conclusions of law for which no response is required.

44. Denied in that the averments of paragraph 44 set forth conclusions of law for which no response is required.

45. Denied in that the averments of paragraph 45 set forth conclusions of law for which no response is required. To the extent a response is required, this Defendant denies that any releases of petroleum product occurred during the time that this Defendant occupied the premises.

46. Denied that there had been releases of petroleum products upon the property or that they were caused by this Defendant. The Defendant also incorporates his answer to paragraph 35 as his further answer to this paragraph.

47. This allegation is directed to the other Defendant.

48. Denied that Trapp was an operator as defined in the aforereferenced Tank Act and denied further that any release or releases of petroleum products took place during the time that Trapp occupied the property.

49.     Denied in that for the reasons set forth in this Answer, it is denied that there has been any release or releases of petroleum products. It is believed and, therefore, averred that the Plaintiff obtained possession of the property within two months of the alleged termination of the lease on January 31, 2003. The balance of the averments are denied since this Defendant is without sufficient information to form a belief as to the truth or veracity of said averments.

50.     The averments of paragraph 50 are denied as no proof is attached of any notice given to any government agency.

WHEREFORE, Defendant, Donald Trapp, requests that the relief be denied to the Plaintiff and judgment be entered for him including costs of the defense.

### COUNT III – TENTH STREET BUILDING CORP v. BP

51-62.   The allegations are directed to another party and no response is necessary from this party.

### COUNT IV – TENTH STREET BUILDING CORP v. BP & TRAPP

63.     The Defendant's responses to paragraphs 1 through 62 inclusive are incorporated herein by reference.

64.     The averments of paragraph 64 set forth conclusions of law for which no response is required. To the extent a response is required, it is denied that Trapp maintained the property in any manner other than in good condition and repair. During his tenure, he performed all applicable, relevant and prudent methods of assuring that the underground storage tanks and piping did not leak and any alleged contamination that existed on the property occurred before his occupancy of the premises or following his surrender of the premises. At all times, this Defendant was unaware of any alleged release and at all times performed all activities necessary to confirm that there were no leaks by performing redundant monitoring procedures to be certain of same.

65.     Denied for the reasons set forth in this Defendant's response to paragraph 64 of the Complaint.

66.     Denied for the reasons set forth in the answer to paragraph 64 in this Answer.

67.     Denied for the reasons set forth in paragraph 19-20 and 64 of this Answer.

68.     Denied in that for the reasons set forth in this Answer, it is denied that there has been any release or releases of petroleum products to this Defendant's knowledge. It is believed and, therefore, averred that the Plaintiff obtained possession of the property within two months of the alleged termination of the lease on January 31, 2003. The balance of the averments are denied since this Defendant is without sufficient information to form a belief as to the truth or veracity of said averments.

WHEREFORE, this Defendant demands judgment against the Plaintiff including his costs of this defense.

### COUNT V – TENTH STREET BUILDING CORP v. TRAPP

69.     This Defendant incorporates his responses to paragraphs 1 through 68 as if fully set forth.

70.     Denied in that the Defendant believed that the lease ran to 2007 based upon information from a representative of Ran Oil. Further, the Plaintiff instituted separate litigation in the Court of Common Pleas of Erie County styled as <u>Tenth Street Building Corporation of Erie v. Donald Trapp</u>, No. 60014-03 and <u>Tenth Street Building Corporation of Erie v. Donald Trapp</u>, No. 60015-03. Allegations similar to this allegation was made therein. The Plaintiff discontinued said litigation. Further, the averment deals with a moot matter.

71.     Denied that Trapp's use and possession of the property was unlawful or knowingly unlawful in that he believed that the lease continued into 2007 based upon representation of the successor-in-interest to BP on the property, Ran Oil Company. Admitted that the Plaintiff initiated the action averred, but discontinued the action following negotiations with this Defendant, including that this Defendant believed that all disputes with the Plaintiff were resolved.

72. Denied in that Trapp surrendered the property once convinced that the lease did not continue on into 2007 and in an effort to have the matter discontinued so that he could obtain financing for a new business location and the existence of litigation was an impediment to said financing.

73. Denied in that upon the Defendant's vacating the premises, the Plaintiff or Plaintiff's representatives immediately demolished the improvements and constructed a new facility for a different use and may have done so prior to proper closure of the underground storage tanks and piping and without the benefit of all available coverage for any necessary remediation as has been alleged in the Plaintiff's Complaint by the Pennsylvania Underground Storage Tank Indemnity Fund.

74. Denied for the reasons set forth in response to paragraph 19. Admitted that Plaintiff Trapp continued to operate the station until March 2003.

WHEREFORE, this Defendant demands judgment against the Plaintiff plus his costs in defending this matter.

## COUNT VI – TENTH STREET BUILDING CORP v. BP

75-78. No response necessary from this party as the averments are directed to another defendant.

## AFFIRMATIVE DEFENSES UNDER RULE 12(B)

### SECOND DEFENSE

79.     The Complaint fails to state a claim against the Defendant upon which relief can be granted.

### THIRD DEFENSE

80.     During a substantial period of time, this Defendant was an employee of BP and its predecessor Boron during which time he was merely the servant of Boron and BP.

### FOURTH DEFENSE

81.     The Plaintiff failed to mitigate its damages by preventing BP the opportunity to remove the tanks and related piping and appurtenances as it was required to do under its lease agreement with the Plaintiff.

## FIFTH DEFENSE

82. The Plaintiff prevented the Defendants from utilizing the full benefits of the Pennsylvania Underground Storage Tank Indemnity Fund to clean up any alleged contamination, which contamination is denied since this Defendant is without sufficient information to form a belief as to the truth or veracity of the averment.

## SIXTH DEFENSE

83. During the period of this Defendant's occupancy of the premises, sophisticated and redundant monitoring was performed to be certain that the tanks and piping were not leaking.

## SEVENTH DEFENSE

84. Prior to this Defendant's occupancy on the premises, the property was operated as a gasoline service station. It is believed and, therefore averred that any release on the property occurred at a time prior to any occupancy by this Defendant or when Boron replaced the tanks in or about 1988 and failed to undertake proper mitigation and remediation.

## EIGHTH DEFENSE

85. It is believed and, therefore averred, that if the tanks removed in 2003 were damaged, they were damaged during the removal process and not during this Defendant's occupancy.

## NINTH DEFENSE

86. The Plaintiff undertook remediation voluntarily and without any direct governmental action and, as such, cannot recover its costs.

## TENTH DEFENSE

87. The Plaintiff's complaint lacks specificity with regard to its allegations of damages.

## ELEVENTH DEFENSE

88. The action is barred by the doctrine of accord and satisfaction.

## COUNTERCLAIM
## DONALD TRAPP V. TENTH STREET BUILDING CORPORATION

89. It is believed and, therefore averred, that if the tanks removed in 2003 were damaged, they were damaged during the removal process and not during this Defendant's occupancy.

90. The Plaintiff did not act in a prudent or proper manner in remediating the property to the extent required under the law, thereby causing damage to this Defendant, including costs of defense, inability to arrange for financing for a new business venture, and loss of income and other damages.

WHEREFORE, Defendant demands judgment against Plaintiff for the damages as set forth above.

## CROSS CLAIM AGAINST DEFENDANT BP PRODUCTS NORTH AMERICA f/k/a SUCCESSOR TO BP OIL COMPANY f/k/a SUCCESSOR TO BORON OIL COMPANY

91. During the period of 1986 to 1994, this Defendant was an employee of Boron and then BP. During that time, Boron and then BP directed the operations of the facility.

92. It is believed and, therefore averred, that any releases in the tanks or piping occurred at a time when this Defendant was merely an employee or Boron

replaced the tanks in or about 1988 and failed to undertake proper mitigation and remediation.

93.  BP owes to this Defendant indemnification, including all costs in defending this matter, loss of business opportunities and loss of income and other damages.

94.  At all relevant times, Boron and BP were required to remove the tanks and related piping and at all relevant times these tanks remained the property and responsibility of BP/Boron. As such, Boron and BP bear the burden of remediation and cost of removal of the tanks and piping

WHEREFORE, the Defendant demands judgment against the Plaintiff plus his costs.

           Respectfully submitted,

           QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.


           By    /s/ Paul F. Burroughs
                Paul F. Burroughs
                Pa. ID #18206
                2222 West Grandview Boulevard
                Erie, Pennsylvania 16506
                Telephone: (814) 833-2222
                Facsimile: (814) 833-6753
                pburroughs@quinnfirm.com
                Attorneys for Defendant, Donald Trapp

#267846

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TENTH STREET BUILDING CORPORATION,<br>    Plaintiff<br>        v.<br><br>BP PRODUCTS NORTH AMERICA, INC., f/k/a and successor to BP OIL COMPANY, f/k/a and successor to BORON OIL COMPANY, and DONALD TRAPP,<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   Civ. No. 03-359 Erie |

**CERTIFICATE OF SERVICE**

I hereby certify that I am this 5h day of October, 2005, serving a true and correct copy of the foregoing Answer to Complaint, Counterclaim and Crossclaim by hand delivery on the following individuals:

Richard A. Lanzillo, Esq.          Matthew W. McCullough, Esq.
120 West Tenth Street              100 State Street, Suite 700
Erie, PA  16501                    Erie, PA 16501


              /s/ Paul F. Burroughs