IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TENTH STREET BUILDING CORPORATION, Plaintiff | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 03-359E |
| BP PRODUCTS NORTH AMERICA INC., f/k/a and successor to BP OIL COMPANY, f/k/a and successor to BORON OIL COMPANY, and DONALD TRAPP, Defendants | ) ) ) ) ) ) | MAURICE B. COHILL, JR. |
| | ) | ELECTRONICALLY FILED |

**DEFENDANT BP PRODUCTS NORTH AMERICA, INC'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES
DIRECTED TO PLAINTIFF (FIRST SET) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
<u>DIRECTED TO PLAINTIFF (FIRST SET)</u>**

Defendant BP Products North America, Inc., f/k/a and successor to BP Oil Company,

f/k/a and successor to Boron Oil Company (hereinafter "BP"), by its attorneys, MacDonald, Illig,

Jones & Britton LLP, files this Motion to Compel Responses to Interrogatories Directed to

Plaintiff (First Set) and Requests for Production of Documents Directed to Plaintiff (First Set)

and states the following in support thereof:

1.     On September 17, 2003, plaintiff Tenth Street Building Corporation (hereinafter

"Tenth Street") filed a Complaint against defendants BP and Donald Trapp (hereinafter "Trapp")

in the Court of Common Pleas of Erie County, Pennsylvania at No. 13842-03, asserting a federal

claim under the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 et seq., a state

statutory claim under the Storage Tank and Spill Prevention Act, 35 P.S. § 6021.101 et seq., and state common law claims for breach of lease, negligence, trespass and interference with contractual relations. (Complaint).

2.    On November 3, 2003, defendant BP filed a Notice of Removal removing this civil action from the Court of Common Pleas of Erie County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

3.    This civil action was stayed pending a determination of claim eligibility and coverage under the Pennsylvania Underground Storage Tank Indemnification Fund from November 12, 2003 to September 7, 2005, when the stay was lifted by Order of Court.

4.    On February 23, 2006, defendant BP served Interrogatories Directed to Plaintiff (First Set) and Requests for Production of Documents Directed to Plaintiff (First Set), copies of which are appended as Exhibits A and B, respectively.

5.    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, a party upon whom interrogatories are served shall serve written answers and objections, if any, within thirty (30) days after service of the interrogatories. Fed. R.C.P. 33(b)(3).

6.    Pursuant to Rule 34(b), a party upon whom a request for production of documents is served shall serve responses and objections, if any, within thirty (30) days after service of the requests for production. Fed. R.C.P. 34(b).

7.    Accordingly, responses and objections, if any, to defendant BP's Interrogatories Directed to Plaintiff (First Set) and Requests for Production of Documents Directed to Plaintiff (First Set) were due on or before March 27, 2006.

8.    By letter dated April 3, 2006 and e-mail correspondence dated May 18, 2006, counsel for defendant BP has reminded counsel for plaintiff that written discovery responses are

outstanding and overdue and has requested that discovery responses be served promptly. Copies of the aforementioned correspondence are attached hereto as Exhibits C and D.

9.    As of this date, plaintiff has failed to serve responses to defendant BP's Interrogatories Directed to Plaintiff (First Set) and Requests for Production of Documents Directed to Plaintiff (First Set).

10.    Plaintiff's failure to serve responses to defendant BP's Interrogatories Directed to Plaintiff (First Set) and Requests for Production of Documents Directed to Plaintiff (First Set) has delayed the progress of this case and has prejudiced defendant BP in its ability to prepare a defense to plaintiff's claims.

11.    Pursuant to Rule 37(a)(2)(B), this Honorable Court may enter an Order compelling plaintiff to serve full and complete responses to defendant BP's Interrogatories Directed to Plaintiff (First Set) and Requests for Production of Documents Directed to Plaintiff (First Set), without objections, and to provide all requested documents to defendant BP; and further, may impose appropriate sanctions against plaintiff as a result of the failure to comply with the discovery rules. Fed. R.C.P. 37(a)(2)(B) and (D).


WHEREFORE, defendant BP Products North America, Inc., f/k/a and successor to BP Oil Company, f/k/a and successor to Boron Oil Company respectfully requests this Honorable Court to enter an Order directing plaintiff Tenth Street Building Corporation to provide full and complete responses to its Interrogatories Directed to Plaintiff (First Set) and Requests for Production of Documents Directed to Plaintiff (First Set), without objections, and to provide all requested documents to defendant BP Products North America, Inc., f/k/a and successor to BP

3

Oil Company, f/k/a and successor to Boron Oil Company, all within fifteen (15) days of the date

of this Order.

Respectfully submitted,


s/Matthew W. McCullough
Matthew W. McCullough
Pa. Bar I.D. No. 46950
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, PA 16507-1459
Phone: (814) 870-7602
Fax: (814) 454-4647
E-mail: mmccullough@mijb.com

Attorneys for Defendant
  BP Products North America, Inc, f/k/a and
  successor to BP Oil Company, f/k/a and successor
  to Boron Oil Company

Dated: June 1, 2006

957271

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TENTH STREET BUILDING | ) | |
| CORPORATION, | ) | |
|     Plaintiff | ) | |
| | ) | |
|           v. | ) | CIVIL ACTION NO. 03-359E |
| | ) | |
| BP PRODUCTS NORTH AMERICA | ) | |
| INC., f/k/a and successor to BP OIL | ) | |
| COMPANY, f/k/a and successor to | ) | |
| BORON OIL COMPANY, and DONALD | ) | |
| TRAPP, | ) | |
|     Defendants | ) | |

## **INTERROGATORIES DIRECTED TO PLAINTIFF (FIRST SET)**

To:    Tenth Street Building Corporation
       c/o Richard A. Lanzillo, Esquire
       Knox McLaughlin Gornall & Sennett PC
       120 West Tenth Street
       Erie, PA 16501-1461

       Defendant BP Products North America, Inc, successor by merger to BP Oil Company a/k/a Boron Oil Company (hereinafter "BP"), by its attorneys, MacDonald, Illig, Jones & Britton LLP, serves the following Interrogatories Directed to Plaintiff (First Set), which Interrogatories are to be answered separately and fully in writing under oath within thirty (30) days after the service thereof, pursuant to Rule 33 of the Federal Rules of Civil Procedure.   These Interrogatories are continuing in nature so as to require Supplemental Answers if plaintiff, its attorneys, investigators, or anyone else on its behalf, obtains further documents between the time the Answers are served and the time of trial.

<div align="center">Exhibit A</div>

1.      State the name, address and telephone number of each person who investigated alleged contamination on the subject property on behalf of plaintiffs.

**ANSWER:**

2.      With respect to each person identified in the Answer to Interrogatory No. 1 above, state:

  a.      The date(s) of investigation;

  **ANSWER:**

  b.      His/her employment affiliation at the time of the investigation;

  **ANSWER:**

c.     The name, address and telephone number of each person contacted and the

date of each such contact;

**ANSWER:**

d.     Whether he/she prepared any notes or reports regarding his/her

investigation and, if so, the present location of such notes or reports.

**ANSWER:**

3.     If you intend to call an expert witness at trial, please state:

a.     The name, address and telephone number of each such expert witness;

**ANSWER:**

3

b.    The subject matter to which each such expert witness is expected to testify;

and

**ANSWER:**

c.    The substance of all facts and opinions to which each such expert is

expected to testify and a summary of the grounds for each opinion. (You

must have each expert witness sign this Answer or you may attach to these

Answers to Interrogatories a separate report, signed by the expert, setting

forth the above information).

**ANSWER:**

4.    State the name, address, employment affiliation and position of each person who

plaintiff Tenth Street Building Corporation knows or believes has knowledge or information and

the nature of such knowledge or information, concerning the following:

a.    Plaintiff's negotiations and consummation of a new lease for the Property,

as referenced in Paragraph 23 of the Complaint.

**ANSWER:**

4

   b. All monetary penalties to which plaintiff was subjected and/or incurred under the terms of the new lease, as referenced in Paragraph 24 of the Complaint.

**ANSWER:**

   c. Notification by plaintiff to BP that it should proceed with removal of its property from the Property, including its underground storage tanks and its buildings, as alleged in Paragraph 26 of the Complaint.

**ANSWER:**

   d. The allegation in Paragraph 22 of the Complaint that plaintiff made repeated demands that Donald Trapp surrender the property as of February 1, 2003.

**ANSWER:**

e.   The allegation in Paragraph 28 of the Complaint that underground storage tanks installed by BP on the Property have leaked and allowed a discharge of contaminants into the soil surrounding the tanks.

**ANSWER:**

f.   The allegation in Paragraph 29 of the Complaint that the underground storage tanks had been leaking for a protracted period of time dating back several years.

**ANSWER:**

g.   The allegation in Paragraph 30 of the Complaint that BP was the owner of the underground storage tanks on the subject property during the period of time that the tanks [allegedly] released petroleum products.

**ANSWER:**

6

h.    The allegation in Paragraph 31 of the Complaint that BP was an operator of the underground storage tanks on the subject property when those tanks [allegedly] released petroleum products.

**ANSWER:**

i.    The allegation in Paragraphs 35 and 45 of the Complaint that BP directly and proximately contributed to a release or releases of petroleum products onto the subject property.

**ANSWER:**

j.    The allegation in Paragraphs 37 and 47 of the Complaint that BP failed to properly construct, maintain, test and monitor the underground storage tanks on the subject property.

**ANSWER:**

7

k.    That plaintiff has suffered a substantial decrease in the value of the property due to stigma associated with the [alleged] environmental contamination of the property, as alleged in Paragraphs 39, 49, 62 and 68 of the Complaint.

**ANSWER:**

l.    That plaintiff has suffered a loss of income from the delay in plaintiff's ability to use and lease the subject property, as alleged in Paragraphs 39, 49, 62 and 68 of the Complaint.

**ANSWER:**

m.    That plaintiff has been delayed in its ability to deliver the subject property to its new lessee and has incurred penalties and expenses for the removal of BP's property from the premises, as alleged in Paragraph 61 of the Complaint.

**ANSWER:**

8

5.    Itemize all expenses/damages related to detection, cleanup, tank removal, remediation and monitoring incurred by plaintiff as a result of the alleged contamination of the subject property, and identify all payments or reimbursements made by any insurance company, third party and/or the Underground Storage Tank Indemnification Fund.

**ANSWER:**

6.    Itemize all monetary penalties/damages actually sustained by plaintiff as a result of the new lease, as alleged in Paragraph 24 of the Complaint, providing the date of payment, amount of payment, reason for payment and the payee.

**ANSWER:**

7.    Itemize and describe the amount of alleged decrease in the value of the subject property due to stigma associated with the alleged environmental contamination of the property, as alleged in Paragraphs 39, 49, 62 and 68 of the Complaint, and state the factual basis for the alleged decrease in value.

**ANSWER:**

8.    Itemize all lost income actually incurred by plaintiff from the delay in plaintiff's ability to use and lease the subject property, as alleged in Paragraphs 39, 49, 62 and 68 of the Complaint.

**ANSWER:**

9.    State the name, address and telephone number of each person who provided information to answer these Interrogatories and identify, as to each such person, the particular Interrogatory or part thereof for which each such person provided information.

**ANSWER:**

Respectfully submitted,

Matthew W. McCullough, Esquire
Pa. I.D. No. 46950
Steven C. Beckman, Esquire
Pa. I.D. No. 68972
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, PA 16507-1459
Phone: (814) 870-7600
Fax: (814) 454-4647
E-mail: mmccullough@mijb.com

Attorneys for Defendant
BP Products North America Inc., successor by merger to BP Oil Company a/k/a Boron Oil Company

916157

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Interrogatories Directed to Plaintiff (First Set) was served upon the following attorneys of record for plaintiff Tenth Street Building Corporation and defendant Donald Trapp, via first-class United States mail, postage prepaid, addressed as follows, this 23rd day of February, 2006:

Richard A. Lanzillo, Esquire
Knox McLaughlin Gornall & Sennett PC
120 West Tenth Street
Erie, PA 16501-1461

Attorneys for Plaintiff


Paul F. Burroughs, Esquire
Quinn, Buseck, Leemhuis,
   Toohey & Kroto, Inc.
2222 West Grandview Boulevard
Erie, PA 16506-4508

Attorneys for Defendant
   Donald Trapp



Matthew W. McCullough

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TENTH STREET BUILDING          )
CORPORATION,                   )
    Plaintiff              )
                               )
      v.                  )    CIVIL ACTION NO. 03-359E
                               )
BP PRODUCTS NORTH AMERICA       )
INC., f/k/a and successor to BP OIL )
COMPANY, f/k/a and successor to )
BORON OIL COMPANY, and DONALD   )
TRAPP,                         )
    Defendants             )

## REQUESTS FOR PRODUCTION OF DOCUMENTS
## DIRECTED TO PLAINTIFF (FIRST SET)

To:    Tenth Street Building Corporation
      c/o Richard A. Lanzillo, Esquire
      Knox McLaughlin Gornall & Sennett PC
      120 West Tenth Street
      Erie, PA 16501-1461

Defendant BP Products North America, Inc., successor by merger to BP Oil Company,

a/k/a Boron Oil Company (hereinafter "BP"), by its attorneys, MacDonald, Illig, Jones & Britton

LLP, serves these Requests for Production of Documents Directed to Plaintiff (First Set),

requesting plaintiff Tenth Street Building Corporation to produce the following documents at the

Offices of MacDonald, Illig, Jones & Britton LLP, 100 State Street, Suite 700, Erie,

Pennsylvania 16507, within thirty (30) days after the service thereof, pursuant to Rule 34 of the

Federal Rules of Civil Procedure. These Requests for Production of Documents are continuing

Exhibit B

in nature so as to require Supplemental Responses if plaintiff, its attorneys, investigators, or anyone else on its behalf, obtain further documents between the time the Responses are served and the time of trial.

1.    Any and all documents, writings, drawings, graphs, charts, photographs and other compilations of data from which information can be obtained which relate to the subject matter involved in this action, including, but not limited to:

      a.    Correspondence between any of the parties, RAN Oil Company, contractor, consultant and/or any government entity or agency;

**RESPONSE:**

      b.    Maps, drawings and/or diagrams of the subject property;

**RESPONSE:**

      c.    Photographs of the subject property (please provide duplicates or color photocopies, not black and while photocopies, at defendant's expense); and

**RESPONSE:**

d.    Investigation notes and reports.

**RESPONSE:**

2.    Any and all written statements concerning this action or its subject matter made by any person and assigned or otherwise adopted or approved by any such person or any stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the individual making it and contemporaneously recorded.

**RESPONSE:**

3.    All documents, writings, drawings, graphs, charts, photographs and other compilations of data from which information can be obtained which relate to, support, substantiate or constitute the following:

a.    Files, contracts, agreements, leases or other documents relating to the lease or operation of business by Emblem Oil Company (subsequently merged with United Refining Company) and/or Sinclair Refining Company regarding the subject premises.

**RESPONSE:**

3

    b.      Documents which relate to BP's assignment of its interest in the Lease to RAN Oil Company, LLC, effective December 1, 1999.

**RESPONSE:**

4.    All documents or writings of any nature which constitute or relate to the following:

    a.      Plaintiff's negotiations of a new lease for the Property, as referenced in Paragraph 23 of the Complaint.

**RESPONSE:**

    b.      The new lease entered into by plaintiff regarding the subject property, as referenced in Paragraph 23 of the Complaint, including but not limited to the lease itself.

**RESPONSE:**

c.    All monetary penalties to which plaintiff was subjected under the terms of the new lease, as referenced in Paragraph 24 of the Complaint.

**RESPONSE:**

d.    Notification by plaintiff to BP that it should proceed with removal of its property from the Property, including its underground storage tanks and its buildings, as alleged in Paragraph 26 of the Complaint.

**RESPONSE:**

5.    Any and all documents, writings, drawings, graphs, charts, photographs and other compilations of data from which information can be obtained which relate to, support or substantiate the following allegations set forth in the Complaint.

a.    In Paragraph 7, that plaintiff Tenth Street Building Corporation ("Tenth Street") succeeded in interest to the original Lessor, J. Robert Baldwin.

**RESPONSE:**

5

b.  In Paragraph 17, that BP entered into the "Sub-Lease" with Trapp without the knowledge of plaintiff.

**RESPONSE:**

c.  In Paragraphs 20 and 61, that BP had the obligation under the Lease or Lease Extension Agreement to remove its property within sixty (60) days of the expiration of the Lease and any extensions thereof.

**RESPONSE:**

d.  In Paragraph 22, that plaintiff had an immediate and unconditional right to exclusive possession of the Property as of February 1, 2003.

**RESPONSE:**

e.  In Paragraph 22, that plaintiff made repeated demands that Trapp surrender the property as of February 1, 2003.

**RESPONSE:**

f.     In Paragraph 25, that BP retained ownership of the improvements it had
       constructed on the Property, including the underground storage tanks and
       the service station building.

**RESPONSE:**

g.     In Paragraph 28, that underground storage tanks installed by BP on the
       Property have leaked and allowed a discharge of contaminants into the soil
       surrounding the tanks.

**RESPONSE:**

h.     In Paragraph 29, that the deterioration of the underground storage tanks is
       severe.

**RESPONSE:**

i.     In Paragraph 29, that the underground storage tanks had been leaking for a
       protracted period of time dating back several years.

**RESPONSE:**

j.    In Paragraph 30, that BP was the owner of the underground storage tanks on the subject property during the period of time that the tanks [allegedly] released petroleum products.

**RESPONSE:**

k.    In Paragraph 31, that BP was an operator of the underground storage tanks on the subject property when those tanks [allegedly] released petroleum products.

**RESPONSE:**

l.    In Paragraphs 35 and 45, that BP directly and proximately contributed to a release or releases of petroleum products onto the subject property.

**RESPONSE:**

m.    In Paragraphs 37 and 47, that BP failed to properly construct, maintain, test and monitor the underground storage tanks on the subject property.

**RESPONSE:**

8

n.  In Paragraph 58, that BP failed to maintain the subject property, including the underground storage tanks, in good condition and repair during the term of the Lease and the extensions thereof.

**RESPONSE:**

6.  All documents or writings of any nature which substantiate or relate to the claims set forth in the Complaint that:

a.  Plaintiff has suffered damages, including costs to control and remedy contamination on the subject property, as alleged in Paragraphs 39, 49, 62 and 68 of the Complaint.

**RESPONSE:**

b.  Plaintiff has suffered a substantial decrease in the value of the property due to stigma associated with the [alleged] environmental contamination of the property, as alleged in Paragraphs 39, 49, 62 and 68 of the Complaint.

**RESPONSE:**

9

c.    Plaintiff has suffered a loss of income from the delay in plaintiff's ability to use and lease the subject property, as alleged in Paragraphs 39, 49, 62 and 68 of the Complaint.

**RESPONSE:**

d.    Plaintiff has suffered or incurred expenses for the removal of BP's property from the premises, as alleged in Paragraph 62 of the Complaint.

**RESPONSE:**

e.    Plaintiff has been delayed in its ability to deliver the subject property to its new lessee and has incurred penalties and expenses for the removal of BP's property from the premises, as alleged in Paragraph 61 of the Complaint.

**RESPONSE:**

10

f.    Plaintiff is responsible for penalties and other damages as a consequence of plaintiff's delay in its ability to deliver the subject property to its new lessee, as alleged in Paragraph 77 of the Complaint.

**RESPONSE:**

Respectfully submitted,

Matthew W. McCullough, Esquire
Pa. I.D. No. 46950
Steven C. Beckman, Esquire
Pa. I.D. No. 68972
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, PA 16507-1459
Phone: (814) 870-7600
Fax: (814) 454-4647
E-mail: mmccullough@mijb.com

Attorneys for Defendant
BP Products North America Inc., successor by merger to BP Oil Company a/k/a Boron Oil Company

915888

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Requests for Production of Documents Directed to Plaintiff (First Set) was served upon the following attorneys of record for plaintiffs Tenth Street Building Corporation and Donald Trapp, via first-class United States mail, postage prepaid, addressed as follows, this 23rd day of February, 2006:

Richard A. Lanzillo, Esquire
Knox McLaughlin Gornall & Sennett PC
120 West Tenth Street
Erie, PA 16501-1461

Paul F. Burroughs, Esquire
Quinn, Buseck, Leemhuis,
   Toohey & Kroto, Inc.
2222 West Grandview Boulevard
Erie, PA 16506-4508

Matthew W. McCullough

# MacDONALD ILLIG JONES & BRITTON LLP

### ATTORNEYS AT LAW

| | |
|---|---|
| T. WARREN JONES | MATTHEW W. McCULLOUGH |
| EDWARD W. GOEBEL, JR. | SUSAN FUHRER REITER |
| (REG. PAT. ATTORNEY) | RICHARD J. PARKS |
| JAMES D. CULLEN | (ALSO ADMITTED IN OH) |
| WILLIAM R. BROWN | MARK J. SHAW |
| ROGER H. TAFT | JOHN F. MIZNER |
| (ALSO ADMITTED IN NY) | (ALSO ADMITTED IN NY) |
| DAVID E. HOLLAND | CRAIG R.F. MURPHEY |
| W. PATRICK DELANEY | DANIEL M. MILLER |
| JAMES M. ANTOUN | SHAUN B. ADRIAN |
| JAMES R. WALCZAK | KIMBERLY A. OAKES |
| (ALSO ADMITTED IN DC) | LISA SMITH PRESTA |
| RUSSELL S. WARNER | STEVEN C. BECKMAN |
| MARCIA H. HALLER | THOMAS A. PENDLETON |
| JAMES E. SPODEN | JOHN A. LAUER |
| (ALSO ADMITTED IN IL) | BRUCE L. DECKER, JR. |
| DALE E. HUNTLEY | WALTER E. DEACON, III |
| JOHN W. DRASKOVIC | (ALSO ADMITTED IN WY) |
| JOHN J. MEHLER | |

100 STATE STREET, SUITE 700

ERIE, PENNSYLVANIA 16507-1459

814-870-7600

FAX 814-454-4647

www.mijb.com

Direct Dial 814-870-7602

E-Mail mmccullough@mijb.com

| | |
|---|---|
| LAURA POPOFF STEFANOVSKI | HENRY A. MacDONALD |
| GREGORY P. ZIMMERMAN | (1928-1984) |
| (ALSO ADMITTED IN NY) | WILLIAM F. ILLIG |
| ROBERT E. GANDLEY | (1946-1989) |
| CATHERINE MOODEY DOYLE | FREDERICK F. JONES |
| JON L. WOODARD | (1936-1977) |
| (REG. PAT. ATTORNEY) | JOHN E. BRITTON |
| DAVID F. DIETEMAN | (1948-2004) |
| KATHLEEN HAYNE ROBERTSON | |
| SCOTT T. STROUPE | PETER G. SCHAAF |
| MATTHEW W. FUCHS | (RETIRED) |
| (ALSO ADMITTED IN NJ) | JOHN D. WILSON |
| RYAN A. CHRISTY | (RETIRED) |
| DAWN ROOTH SCHULTZ | JOHN J. STROH |
| MARISSA A. SAVASTANA | (RETIRED) |
| JENNIFER BROSTMEYER HIRNEISEN | NORMAN H. STARK |
| JONATHAN M. D'SILVA | (RETIRED) |
| (REG. PAT. ATTORNEY) | |
| MEREDITH SCHULTZ | |
| MICHAEL P. THOMAS | |

April 3, 2006

Richard A. Lanzillo, Esquire
Knox McLaughlin Gornall & Sennett PC
120 West Tenth Street
Erie, PA 16501-1461

Re:   Tenth Street Building Corporation v. BP Products North America, Inc.
      No. 13842-03
      Erie County Pennsylvania

Dear Mr. Lanzillo:

On February 23, 2006, I served Interrogatories Directed to Plaintiff (First Set) and Requests for Production of Documents Directed to Plaintiff (First Set) on behalf of defendant BP Products North America, Inc. Thirty days has passed, and I have not yet received your client's responses. As you know, the close of discovery is one month away, and I will need these discovery responses as soon as possible.

In addition, I would like to set up the deposition of one or more plaintiff representatives and/or witnesses. Currently, I am wide open on April 24, 25, 26 and 27. I am most likely to want to depose Gregory S. Baldwin and John B. Elmer.

Please advise as to the status of the discovery responses, as well as your availability for depositions on the aforementioned dates. Thank you for your attention to these matters.

Very truly yours,

MacDONALD, ILLIG, JONES & BRITTON LLP

By _____
      Matthew W. McCullough

MWM/hsn/947167/19574.0000
cc:    Paul F. Burroughs, Esquire

Exhibit C

**From:**      Matthew McCullough
**To:**        Lanzillo, Richard
**Date:**      5/18/2006 4:43:28 PM
**Subject:**   Tenth Street v. BP

Rich:

I have been asked by my client to file a Motion to Compel in order to get discovery responses and move this case forward.  They also continue to ask for an itemization of out of pocket damages, which is covered by the interrogatories.  I don't want to pull the trigger without one last request to your client. Therefore, I won't file until the end of next week.  Can you get them to me by then?

---

Matthew W. McCullough
MacDonald, Illig, Jones & Britton LLP
100 State Street, Suite 700
Erie, PA 16507-1459
Direct: (814) 870-7602
Fax: (814) 454-4647
Email: mmccullough@mijb.com
---------This electronic communication transmission contains information belonging to MacDonald, Illig, Jones & Britton LLP which may be privileged, confidential and/or exempt from disclosure under applicable law. The information is intended only for the use of the addressee named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or other use of the contents of this electronic communication information is strictly prohibited. If you received this electronic communication in error, please notify me immediately by telephone at (814) 870-7602 (collect) so that we can arrange for the retrieval of this information.

Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TENTH STREET BUILDING CORPORATION, <br>      Plaintiff | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 03-359E |
| BP PRODUCTS NORTH AMERICA INC., f/k/a and successor to BP OIL COMPANY, f/k/a and successor to BORON OIL COMPANY, and DONALD TRAPP, <br>      Defendants | ) ) ) ) ) ) | MAURICE B. COHILL, JR. <br><br><br> ELECTRONICALLY FILED |

## <u>DISCOVERY DISPUTE CERTIFICATE</u>

I, Matthew W. McCullough, Esquire, counsel for defendant BP Products North America, Inc., f/k/a and successor to BP Oil Company, f/k/a and successor to Boron Oil Company, hereby certify that I have made reasonable efforts to reach agreement with opposing counsel on the matters set forth in the Motion to Compel Responses to Interrogatories Directed to Plaintiff (First Set) and Requests for Production of Documents Directed to Plaintiff (First Set), consisting of writing a letter to counsel for plaintiff dated April 3, 2006 requesting discovery responses, sending e-mail to counsel for plaintiffs on May 18, 2006 again requesting discovery responses and further indicating that a motion to compel would be filed by May 26, 2006 if discovery responses were not served, and placing a telephone call to counsel for plaintiff on May 26, 2006 and advising another attorney in counsel's office that I would be filing this Motion if I did not receive discovery responses or otherwise hear from counsel for plaintiff.

Respectfully submitted,


s/Matthew W. McCullough
Matthew W. McCullough
Pa. Bar I.D. No. 46950
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, PA 16507-1459
Phone:  (814) 870-7602
Fax:  (814) 454-4647
E-mail:  mmccullough@mijb.com

Attorneys for Defendant
  BP Products North America, Inc, f/k/a and
  successor to BP Oil Company, f/k/a and successor
  to Boron Oil Company

Date:   June 1, 2006

957278

2

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2006, the foregoing Defendant BP Products North America, Inc's Motion to Compel Responses to Interrogatories Directed to Plaintiff (First Set) and Requests for Production of Documents Directed to Plaintiff (First Set) was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

<div style="margin-left: 40%;">

s/Matthew W. McCullough

Matthew W. McCullough
PA 46950
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7602
(814) 454-4647 (facsimile)
mmccullough@mijb.com (e-mail)

</div>